IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CITY OF BOONVILLE and )
CITY OF SPRINGFIELD, )
)
      Plaintiffs, ) No. 2:14-cv-04157-NKL
)
v. )
)
TRACFONE WIRELESS, INC., )
)
      Defendant.

**ORDER**

Defendant Tracfone Wireless, Inc. moves to remand its suit against Springfield and Booneville [Doc. 14], and to dismiss Plaintiffs City of Boonville and City of Springfield's suit against Tracfone. [Doc. 9]. The Court grants both motions.[1]

**I.    Background**

By ordinance, Section 70-45, the City of Springfield imposes a local tax on suppliers of telephones and related services, specifically:

> Every person engaged in the business of supplying telephones and telecommunications and telephonic services, and telecommunications services, within the city shall pay as a license tax a sum equal to six percent of the gross receipts from such business.

The City of Boonville has a similar ordinance, Section 10-99:

> Every person engage in the business of providing telephone service for compensation in the city shall pay to the city as a license tax a sum equal to five (5) percent of the gross receipts from such a business.

---

[1] Because this Order granting the motions to remand and dismiss disposes of the case in its entirety, the Court denies as moot Plaintiffs' pending partial motion for summary judgment. [Doc. 28].

Tracfone has not paid either city's tax, and neither city has assessed its tax against Tracfone.

On June 19, 2014, TracFone filed a declaratory judgment action against Springfield in the Circuit Court of Greene County, Missouri, styled *Tracfone Wireless, Inc. v. City of Springfield,* case no. 1431-CC00880, and against Boonville in the Circuit Court of Cooper County, Missouri, styled *Tracfone Wireless, Inc. v. City of Boonville,* case no. 14CO-CC00022. Tracfone alleged in both cases that it is not engaged in the business of supplying telephonic service, telecommunications service, or telephones in the respective cities. Tracfone asked the state courts to declare it is not required to remit the cities' respective taxes, nor is it subject to taxation under the cities' ordinances.

In the Greene County case, Springfield filed a motion to dismiss, which the court denied. On June 19, 2014, Springfield removed the Greene County case to federal court and it was eventually reassigned to this Court, as case no. 6:14-cv-03335-NKL.

On June 20, 2014, Springfield and Boonville filed their complaint against TracFone in this Court, case no. 2:14-cv-04157-NKL, seeking a declaration that Tracfone is required under their respective ordinances to remit the local taxes. Boonville additionally asks for a finding of Tracfone's tax liability, plus interest and penalties.

On September 16, 2014, in the removed case, no. 6:14-cv-03335-NKL, the Court denied without prejudice Tracfone's motion to remand to the Greene County Circuit Court, and granted Springfield's motion to consolidate.

No party has notified the Court to-date that the Cooper County Circuit Court case has been removed to federal court.

2

Case 2:14-cv-04157-NKL   Document 40   Filed 11/25/14   Page 2 of 9

## II. Discussion

### A. Remand of the case filed by Tracfone in state court

The gravamen of Tracfone's motion to remand is that the Court lacks subject matter jurisdiction of the removed case because of the Tax Injunction Act (TIA), 28 U.S.C. § 1341. The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." The purpose of the TIA is

> (1) to eliminate disparities between taxpayers who could seek injunctive relief in federal court—usually out-of-state corporations asserting diversity jurisdiction—and taxpayers with recourse only to state courts, which generally required taxpayers to pay first and litigate later; and (2) to stop taxpayers, with the aid of a federal injunction, from withholding large sums, thereby disrupting state government finances.

*Hibbs v. Winn,* 542 U.S. 88, 104-05 (2004).

Tracfone argues that because the removed case was filed by a taxpayer seeking to prevent the collection of taxes, the Court cannot exercise removal jurisdiction over the removed case. In support of its argument, Tracfone relies primarily on *City of Jefferson City, Mo. v. Cingular Wireless, LLC,* 531 F.3d 595 (8th Cir. 2008). In that case the Eighth Circuit held that a federal court had jurisdiction over Springfield's claim that cell phone companies were subject to Springfield's business revenue tax, but it also observed that there would be no jurisdiction over a taxpayer's claim seeking a declaration that a tax did not apply to the taxpayer because this would interfere with the collection of a tax. *Id.* at 604. *Also see, Antosh v. City of College Park*, 341 F.Supp.2d 565, 568-70 (D. Md. 2004)

3

(granting taxpayers' motion to remand to state tax court based on TIA after city removed to federal court); *Kaiser Aluminum & Chem. Corp. v. City of Oakland,* 2000 WL 970556, at *1 (N.D. Cal. July 5, 2000) (ordering challenge to city tax remanded to state court based on TIA after city removed); and *Cox Cable Hampton Roads v. City of Norfolk, Va.*, 739 F.Supp. 1074, 1075 (E.D. Va. 1990) (relying on TIA to remand taxpayer's removed claims against city).

Springfield argues that Tracfone cannot seek remand of the removed Greene County case because the Court already denied Tracfone's motion to remand prior to consolidating the removed case with the Cities' federal suit. However, the denial of remand in the removed case was without prejudice and the Court has an affirmative obligation to ensure it has jurisdiction before proceeding, regardless of any prior ruling.

Springfield also argues that the Court has jurisdiction because it is Springfield not the taxpayer seeking to invoke the jurisdiction of the federal court. It relies primarily on *State of Arizona v. Atchison, T. & S.F.R. Co.,* 656 F2d 398 (9th Cir. 1981). Springfield also argues that keeping the Tracfone case in federal court would serve the purpose of the TIA, and be consistent with *Hibbs v. Winn,* 542 U.S. 88 (2004).

In *Atchison,* the Ninth Circuit held that the policy behind by the TIA "would not be served by applying the statute to bar a state itself from invoking the jurisdiction of the federal courts." *Id.* at 402. But in *Atchison,* it was the state itself that brought suit in federal court, seeking a declaration that its assessment of taxes on certain taxpayers was permissible, *id.*, not a declaration to restrain its own tax collection efforts. In fact, the Ninth Circuit noted that had it been the taxpayers who brought suit to challenge the

4

state's actions, the suit would have presented a "jurisdictional bar," "run[ning] afoul of 28 U.S.C. § 1341." *Id.* at 401-02. Here it is the taxpayer seeking a declaration that it does not owe taxes and the operative question is whether the federal court would have had jurisdiction over the removed case, had the case originally been filed in federal court. *See*, 28 U.S.C. 1441. It clearly would not.

*Hibbs* does not hold otherwise. In *Hibbs* the Supreme Court merely held that a federal court had jurisdiction to determine the constitutionality of a tax credit when suit was filed by a third party seeking to prevent a tax credit being given. The Supreme Court observed that "§ 1341 has been read to restrain state taxpayers from instituting federal actions to contest their liability for state taxes, but not to stop third parties from pursuing constitutional challenges to tax benefits in a federal forum." *Id.* at 108. And there is a "distinction between taxpayer claims that would reduce state revenues and third-party claims that would enlarge state receipts." *Id.*

In the removed case, Tracfone seeks a declaration that would enable it to avoid paying a local tax—relief that would have the effect of reducing local revenues. As the foregoing discussion demonstrates, such relief would run afoul of the purposes of the TIA. The TIA is a jurisdictional bar that prevents this Court from hearing Tracfone's claim.

Therefore, Tracfone's motion to remand is granted and case no. 6:14-cv-03335-NKL is remanded to the Circuit Court of Greene County, Missouri.

## B. Dismissal based on abstention

Where there is an identical state court declaratory action, proceeding parallel to a federal declaratory judgment action, federal courts have broad discretion to abstain in favor of the parallel state court action, under *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942). *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (reaffirming *Brillhart* abstention doctrine and upholding lower court stay of declaratory action on abstention grounds). It "would ordinarily be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart,* 316 U.S. at 495.

In considering whether to abstain from adjudicating a declaratory judgment action under *Brillhart*, a district court's "key consideration . . . is 'to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court' in light of the 'scope and nature of the pending state court proceeding.'" *Evanston Ins. Co. v. John*s, 530 F.3d 710, 713 (8th Cir. 2008) (quoting *Capital Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000)). *See also Wilton*, 515 U.S. at 288 (stating that "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration" in the declaratory judgment context)).

Proceedings are considered parallel when they involve the same parties, the same fact patterns, the same arguments, and the same areas of law. *See Capitol Indem. Corp.*, 218 F.3d at 875. Tracfone's two state court petitions, which are essentially identical, and

the Cities' complaint involve the same parties, the same fact patterns, the same arguments, and the same areas of law.[2] Nonetheless, the Cities argue that "the only issues in this case are questions of federal law; more specifically, the dormant Commerce Clause and the Mobile Telecommunications Sourcing Act," [Doc. 11, p. 5, citing Doc. 11-1, emphasis in original] But Tracfone's state court petitions and the Cities' complaint center around construction of the local tax ordinance and even if Tracfone were to raise a federal issue, that alone is not sufficient to justify two parallel proceedings. *Scott Air Force Base Properties, LLC v. County of St. Clair, Ill.*, 548 F.3d 516, 520 (7th Cir. 2008).

Once it is established that actions are parallel, a federal court must consider whether the parallel state proceedings (1) present the same issues of state law between the same parties; (2) whether the issues raised in the federal action are capable of adjudication in the state proceeding; (3) whether the state proceedings join all necessary parties; and (4) whether all necessary parties are amenable to process in the state proceedings. *See Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 793, 796 (8th Cir. 2008) (quoting *Brillhart*, 316 U.S. at 495). If these factors are satisfied, the federal court may exercise its discretion to abstain from the declaratory judgment action in deference to the parallel state proceeding. *Id.* at 793. Each of the factors is satisfied here. In its state court cases, Tracfone seeks declarations that it is not subject to the Cities' telecommunications taxes, and an order prohibiting the Cities from taxing it. In this case, the Cities seek a declaration that Tracfone is subject to their local tax, an order enjoining Tracfone from violating their tax ordinances, and an accounting. The state courts can

---

[2] Tracfone's petition in the Greene County Circuit Court case is [Doc. 1-11] in case no. 6:14-cv-03335-NKL. Its petition in the Cooper County Circuit Court case is [Doc. 10-1] in this case. The Cities' first amended complaint in this case is [Doc. 5].

adjudicate these issues and all necessary parties are already participating in the proceedings.

The Cities additionally argue that the question of abstention is not properly analyzed under *Brillhart*, but under the exceptional circumstances test articulated in *Colorado River Conservation Dist. v. U.S.,* 424 U.S. 800 (1976). But the fact that a suit for declaratory judgment includes a request for some form of damages "does not require a federal automatically to apply the" *Colorado River* exceptional circumstances test. *Royal Indem. Co. v. Apex Oil Co.,* 511 F.3d 788, 793 (8th Cir. 2008). Under the Declaratory Judgment Act, 28 U.S.C. § 2202, a federal court may, in addition to granting declaratory judgment, grant further necessary or proper relief. *Id.* at 793-94. Thus, when "the essence of [a] lawsuit is one for declaratory judgment," *Brillhart* analysis applies, regardless of the presence of other requested relief. *Id.* at 796. Tracfone's state court petitions are styled as petitions for declaratory judgment. The first count of the Cities' first amended complaint is for declaratory judgment, injunction and accounting, and the second count is Boonville's claim for back taxes, based on Tracfone's alleged liability. All requested relief flows from the requested declaration concerning applicability of the local taxes. The essence of the lawsuits is declaratory judgment and the *Brillhart* abstention doctrine is applicable.

Therefore, Tracfone's motion to dismiss the Cities' case is granted. [3]

---

[3] The Court has considered whether a stay or a dismissal is the better option. Given the pleadings and because this cases involves a local tax, a dismissal is more appropriate. The state court will resolve all issues and the Court sees no basis for future exercise of jurisdiction except for the purpose of applying the doctrine of res judicata.

8

### III. Conclusion

Defendant Tracfone Wireless, Inc.'s motions to remand *Tracfone Wireless, Inc. v. City of Springfield,* case no. 6:14-cv-03335-NKL, [Doc. 14], and to dismiss, [Doc. 9], are granted. Plaintiffs' pending partial motion for summary judgment, [Doc. 28], is denied as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: November 25, 2014
Jefferson City, Missouri